UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT N. ECKERT,

                                   Case No.  06-11888

        Plaintiff,

v.                                 District Judge Nancy G. Edmunds
                                   Magistrate Judge R. Steven Whalen

MICROSOFT CORPORATION,

        Defendant.

_____/

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Microsoft Corporation's *Motion to Dismiss* pursuant to Fed. R. Civ. P. 12(b)(6), filed on April 28, 2006 [Docket #3]  which has been referred for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth below, I recommend that Plaintiff's motion be GRANTED, dismissing Plaintiff's Complaint WITH PREJUDICE.

**I.  BACKGROUND**

Plaintiff filed his complaint in the Third Circuit Court for the County of Wayne, State of Michigan on March 16, 2006.  On April 24, 2006, Defendant, incorporated in the State of Washington and a citizen of the State of Washington, filed a notice of removal to this court on the basis of diversity pursuant to 28 U.S.C. 1332(c)(1) as well as federal question

jurisdiction. *Docket* #1.

Plaintiff alleges that Defendant, providing and maintaining a large set of message-boards on the Internet, refused his repeated requests from May to June, 2004 to close out an online account in which he had included his work email. *Complaint*, ¶11. He states that he attempted to close his account, opened under the moniker "bob x," after receiving email at work "from complete strangers, some showing evident signs of mental aberration." *Id.* at ¶¶4-11. According to Plaintiff, Defendant responded to his "first several requests . . . with terse messages" stating that the service was unable to comply with his requests. *Id.* Plaintiff states that although he is now unable to log into MSN groups as "bob x," (and his work email address has apparently been removed from the site) his work email continues to receive periodic mail from users of a message board entitled the "Meaning of Life." *Id.*

Plaintiff states further that beginning in February, 2006, members of the MSN group message board entitled "Joe's Christian Debate," have made "repeated false, derogatory, and per se defamatory allegations that Plaintiff is a pedophile," as well as urging unnamed Michigan activist groups to take legal and other forms of action against him. *Id.* at ¶12. Plaintiff alleges that although he and other targets of defamation and threats have repeatedly requested the removal of the objectionable content, Defendant has either "made no reply at all," or "consistently refused all demands to withdraw continued publication of the defamatory remarks about Plaintiff." *Id.* at 14. Plaintiff requests compensatory damages of $1,000,000 and punitive damages of $10,000,000. *Id.*

## II.  STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hartford Fire Insurance Co. v. California*, 509 U.S. 764, 811, 113 S.Ct. 2891, 125 L.Ed.2d 612 (1993)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## III.  ANALYSIS

Plaintiff alleges that beginning in February, 2006, message board posters at "Joe's Christian Debate" made "false, derogatory, and *per se* defamatory allegations," including a statement that Plaintiff is a pedophile. *Complaint* at ¶12. Plaintiff maintains that one of the Internet posts encourages readers to take legal and "unspecified" other forms of action against him. *Id.* In addition, Plaintiff apparently contends that Defendant Microsoft is liable for its failure to promptly close out an account linking his screen name "bob x" to his work email. *Id.* at ¶11. Although he acknowledges that the account was closed "[e]ventually," he

states that he continues to receive periodic email from the "Meaning of Life" message board. *Id.*

Section 230 of the Communications Decency Act of 1996 ("CDA") provides in pertinent part that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. §230. In addition, §230(e)(3) instructs that "[n]othing in this section shall be construed to prevent any State from enforcing any State law that is consistent with this section. No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section."

Michigan law states that "a claim for defamation is comprised of four elements: " '(1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting to at least negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by publication.'" *Horton v. 48th Dist. Court,* 446 F.Supp.2d 756, 764 -765 (E.D.Mich.2006); *Rouch v. Enquirer & News,* 440 Mich. 238, 251, 487 N.W.2d 205 (1992).

Although the Sixth Circuit has yet to consider whether interactive computer servers ("ICS") are liable for false and potentially defamatory statements made by users, "[n]ear-unanimous case law holds that Section 230(c) affords immunity to ICSs against suits that seek to hold an ICS liable for third-party content." *Chicago Lawyers' Committee For Civil Rights Under The Law, Inc. v. Craigslist, Inc.,* --- F. Supp. 2d ----, 2006 WL 3307439, 6 (N.D.Ill. 2006). In *Zeran v. America Online, Inc.,* 129 F.3d 327, 330 (4th Cir.1997), the

court rejected the plaintiff's contention that defendant AOL "had a duty to remove [a] defamatory posting," holding that

> "[b]y its plain language, §230 creates a federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service. Specifically, §230 precludes courts from entertaining claims that would place a computer service provider in a publisher's role. Thus, lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions - such as deciding whether to publish, withdraw, postpone or alter content - are barred."

*See also, Green v. America Online(AOL)*, 318 F.3d 465, 468 (3rd Cir. 2003).

Even assuming that third-parties postings made about Plaintiff to the sites in question constituted defamation, under the plain language of 47 U.S.C. § 230(c)(1), ICSs are immune from liability for third-party content. Further, although as discussed above, this Circuit has not yet provided controlling law, the public policy rationale for immunity for ICSs has been well-discussed by other circuits. *Batzel v. Smith*, 333 F.3d 1018, 1027 FN9 (9th Cir. 2003), analogized the online message board to "a bulletin board in the off-line world," stating further that "§230(c)(1), overrides the traditional treatment of publishers, distributors, and speakers under statutory and common law." *Id*. at 1026 - 1027. The *Batzel* court, *citing Blumenthal v. Drudge,* 992 F.Supp. 44, 49 (D.D.C.1998), noted that "'Congress decided not to treat providers of interactive computer services like other information providers such as newspapers, magazines or television and radio stations, all of which may be held liable for publishing or distributing obscene or defamatory material written or prepared by others.'" *Id*. Likewise, *Chicago Lawyers'*

*Committee For Civil Rights Under The Law, Inc.*, *supra*, --- F. Supp. 2d ----, 2006 WL 3307439, *13 (N.D. Ill. 2006), found that §230 afforded immunity from liability to Craigslist, reasoning that the server acted merely as a "conduit" for its contributors.

Plaintiff's claim also founders to the extent that it can be construed to fault Microsoft for failing to remove his work email promptly after being notified that he was receiving harassing messages.[1]  *Zeran, supra,* 129 F.3d at 333 rejected the contention that the defendant faced notice-based liability (despite the fact that Zeran had been the target of death threats and harassing telephone calls as a result of the third-party postings) reasoning that "[i]n light of the vast amount of speech communicated through interactive computer services, these notices could produce an impossible burden for service providers, who would be faced with ceaseless choices of suppressing controversial speech or sustaining prohibitive liability."  In closing, although Plaintiff's cause of action against present Defendant is clearly barred by 47 U.S.C. § 230(c)(1), the Court notes that the statute does not prevent defamed individuals from pursuing claims and charges against individuals posting and emailing the offending material.[2]

---

[1] Plaintiff reports that he first attempted to have his work email disassociated with the screen name "bob x" as early as May, 2004, but does not specify when Defendant complied with his request, stating only that "[e]ventually," Defendant closed the account. *Complaint* at ¶ 11.

[2] *Zeran, supra,* 129 F.3d at 330-331 rejected the notion that "the original culpable party who posts defamatory messages" would "escape accountability" under §230, pointing out that "[w]hile Congress acted to keep government regulation of the Internet to a minimum, it also found it to be the policy of the United States 'to ensure vigorous enforcement of Federal criminal laws to deter and punish trafficking in obscenity, stalking, and harassment

### IV.  CONCLUSION

For the reasons set forth above, I recommend that Defendant's motion [Docket #3] be GRANTED, dismissing Plaintiff's case WITH PREJUDICE .

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

---

by means of computer.'" *Id.*; § 230(b)(5).

        S/R.  Steven Whalen
        R.  STEVEN WHALEN
        UNITED STATES MAGISTRATE JUDGE

Dated:  January 8, 2007

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 8, 2007.

        S/Gina Wilson
        Case Manager